UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Samuel H. Mwabira-Simera,  )
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　) 　Civil Action No. 13-2016
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
Howard University *et al.*,　　 )
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the complaint and application to proceed *in forma pauperis*. Plaintiff sues Howard University, the University's President, and other high-level administrators under several federal anti-discrimination laws for "academic and employment discrimination" that allegedly occurred while he was a graduate student in the School of Engineering from Spring semester 1997 to Spring semester 2002. Compl. ¶¶ 5-6, 10. Since this action is based on the same events underlying the claims adjudicated in *Mwabira-Simera v. Howard University*, 692 F. Supp. 2d 65 (D.D.C. 2010), the Court will grant plaintiff's *in forma pauperis* application and will dismiss this case as procedurally barred.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing

1

*Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case." *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

The instant complaint presents claims that were (or could have been) adjudicated on the merits in the earlier case. *See generally Mwabira-Simera*, 692 F. Supp. 2d 65 (granting the University's summary judgment motion and awarding judgment accordingly). Hence, plaintiff is precluded from litigating his claims anew. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
United States District Judge

Date: December 9, 2013